UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry W. Scott, Jr., # 315277, | ) C/A No. 5:14-67-DCN-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Newberry County Sheriffs Office, and | ) |
| Agents, Newberry County Sheriffs Office, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This civil action filed by a state prisoner pro se is before the court for consideration of the Motion for Leave to Proceed *in forma pauperis* ("Motion"), ECF No. 10, as supplemented by recent correspondence from Plaintiff, ECF No. 15.

At the time he signed his Motion on January 27, 2014, Plaintiff indicated that he had no cash or checking or savings account and no income or money from any other sources. Mot. 1-2, ECF No. 10. His Financial Certificate, signed by a prison financial officer on February 7, 2014, shows that he had two cents ($.02) in his inmate account at that time. ECF No. 14. However, on March 7, 2014, Plaintiff sent a letter for filing in this case in which he informs the court that, unknown to him at the time he submitted the Motion, he has $ 4, 600.00 in a "Wells Fargo Account." Letter, ECF No. 15. Plaintiff states that he was not aware of this money at the time he asked this court "to let [him] proceed in a civil action . . . ." *Id.* at 1. Plaintiff further states that he has asked the bank to send the funds to him so that he can pay the filing fees and costs for this case and for another case currently pending in which he is also the plaintiff. *Id.* at 2. Although it is not clear from the letter whether Plaintiff has actually received the funds he references in his letter, it is clear that Plaintiff does not qualify for *in forma pauperis* status in this case.

**DISCUSSION**

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a).  *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948).  Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts.  *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). As one district court has observed, the appropriate disposition of § 1915 applications is not always clear: "'[T]here are no 'magic formulas' for making the determination that the requisite *in forma pauperis* status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.' " *Carter v. Telectron, Inc*., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting *Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972) (italics added)). In *Carter*, the district court, citing *Adkins* and cases in the Third and Fifth Circuits, set forth three legal tests that courts have used to evaluate *in forma pauperis* applications, in exercising their discretion under 28 U.S.C. § 1915(a):

> [1] Is [the litigant] barred from the Federal Courts by reason of his impecunity? . . . [2] Is [his] access to the courts blocked by the imposition of an undue hardship? . . . [3] Is [the litigant] forced to contribute his last dollar, or render himself destitute to prosecute his claim?

452 F. Supp. at 943 (citations omitted); *see also Abbot v. Comm'r of Social Security*, C/A No. 4:10-2253-JFA-TER, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010); *Schoenfeld v. Donaghue*, C/A No. 4:07-617-RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007).

Upon a review of all the information before the court and considering the tests set forth in *Carter*, it does not appear that Plaintiff would be barred from litigating in the federal courts for lack of the funds to pay the filing fee of $ 350.00, plus the $ 50.00 administrative fee, for a total of $400.00. Nor does it appear that paying that amount to proceed would effectively block his access to the courts by imposing on him an "undue hardship," or that the fee payment would wring from him his last dollar or essentially render him destitute. Plaintiff plainly informed the court that he now has a bank account of $ 4600.00 that was not listed in his initial Motion. Accordingly, Plaintiff must "'confront the initial dilemma which faces most other potential civil litigants:  Is the merit of the claim worth the cost of pursuing it?'" *Carter*, 452 F. Supp. at 944

2

(quoting *Carroll v. United States*, 320 F. Supp. 581, 582 (S.D. Tex. 1970)).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the district court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 10. If the court accepts this recommendation, it is further recommended that Plaintiff be granted 14 days from the date of the order denying the motion to submit the required filing fee, plus administrative fee, for a total of $ 400.00, if he wishes to proceed with this matter.

IT IS SO RECOMMENDED.

March 18, 2014                                                  Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).