UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry W. Scott, Jr., # 315277, ) | C/A No. 5:14-67-DCN-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Newberry County Sheriff's Office; ) | |
| Agents, Newberry County Sheriff's Office, and ) | |
| James Lee Foster, ) | |
| ) | |
| Defendants. ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Background

Plaintiff alleges that he was subjected to excessive force and unconstitutional seizure by unnamed Newberry County Sheriff's Office "deputies" either between August and November 2012, Compl. 2, ECF No. 1, or between September or October 2011, ECF No. 1-2 at 3-7. Plaintiff's Complaint and the complaint form docketed as attachment 2 to the Complaint include many allegations about things the deputies did to him and his family; however, Plaintiff does not give proper names of the any of the deputies. Instead, he attempts to sue them by naming one of the Defendants in this case "Agents, Newberry County Sheriff's Office." ECF No. 1. The only other named Defendants are the Newberry

County Sheriff's Office and James Lee Foster.[1]

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A,[2] and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915A(b)(1).

---

[1] Foster was first named a Defendant on the complaint form that Plaintiff was directed to complete by the original Order issued in this case. ECF No. 7. That complaint form was made an attachment to the original complaint and Foster was added as a third Defendant on the docket. ECF No. 1-2.

[2] District courts are to employ section 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis*." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002)*; see Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

III.     Analysis

First, the Newberry County Sheriff's Department is entitled to summary dismissal from this case because of Eleventh Amendment immunity. Article V, section 24 of the South Carolina Constitution specifically provides for the election of a sheriff in each county: "There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof." Furthermore, sheriffs departments in South Carolina are considered state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C. Att'y. Gen'l. Op. No. 47 (January 22, 1975). Also, under section 23-13-10 of the South Carolina Code of Laws, only the sheriff has the authority to hire or terminate employees of the sheriff's department, and the sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: "Sheriff Brown is an arm of the State."); *Allen v. Fidelity & Deposit Co.*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981). Indeed, if any damages were to be awarded against the Newberry County Sheriff's Office in this case, such damages would necessarily be paid by the South Carolina State Insurance Reserve Fund. *See Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Each of these circumstances supports the determination that South Carolina sheriffs' departments are state agencies.

As a state agency, the Newberry County Sheriff's Office is immune from suit in federal court under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99 & n.9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws plainly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities"). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). Because the Newberry County Sheriff's Office is entitled to Eleventh Amendment immunity from the claims made by Plaintiff, Plaintiff's Complaint should be summarily dismissed as to this Defendant.

Second, insofar as Plaintiff seeks relief from "Agents, Newberry County Sheriff's Office," his Complaint should also be summarily dismissed because this Defendant is not a person who acts under color of state law. To state a plausible claim for relief under 42 U.S.C. § 1983,[3] an aggrieved party must

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a § 1983 defendant must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Plaintiff's use of the terminology: "Agents, Newberry County Sheriff's Office," as the name of a Defendant without naming the individual agents involved in the alleged seizure and excessive force is the equivalent of use of the term "staff" as the name a defendant, which was found inadequate to name a person in the *Barnes* case. Accordingly, no plausible claim under § 1983 is stated against "Agents, Newberry County Sheriff's Office," and the Complaint should be summarily dismissed insofar as it seeks relief from this Defendant.

Finally, there are insufficient allegations of personal involvement or knowledge of wrongdoing of others, and refusal to correct such wrongdoing to state a plausible § 1983 claim against Defendant James Lee Foster, the Sheriff of Newberry County. *See*

---

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added); *see Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989).

5

http://www.newberrycounty.net/sheriff/Index.htm (last consulted July 15, 2014); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records). Although Plaintiff's Complaint contains many allegations of wrongdoing by unnamed deputies of the Newberry County Sheriff's Office, there are none against Sheriff Foster himself. As a result, it appears that Plaintiff included Foster as a Defendant because Plaintiff believed that Foster could be held liable for the wrongdoing of the officers over whom he is the ultimate supervisor.

To assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Sheriff Foster may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw*

*v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).  In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373).

The *Slaken* exception is not adequately pleaded in this case because there are no allegations Sheriff Foster had any personal knowledge of the problems that Plaintiff alleges he had with the unnamed deputies who seized him and ultimately arrested him for disorderly conduct. Thus, regardless of how pervasive the alleged problems within the ranks of deputies employed by the Newberry County Sheriff's Office might be, Sheriff Foster cannot be found liable for those problems simply based on his position as the overall "supervisor" at the Sheriff's Office. Moreover, there are no allegations from which any potential responsibility of Foster for an unconstitutional Sheriff's Office policy or custom could be established. *See Monell*, 436 U.S. at 691-92. The lack of any allegations establishing a plausible § 1983 claim against Defendant Foster requires that the Complaint be summarily dismissed insofar as it seeks to hold him liable.

IV.     Recommendation

Accordingly, because Plaintiff fails to state a plausible claim on which relief can be granted against any named Defendant, it is recommended that the district court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C.

§ 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    IT IS SO RECOMMENDED.

July 17, 2014                                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**